EDGAR BULL, APPELLANT, *v.* ELIZABETH BULL, EXECUTRIX, ETC., OF GEORGE BULL, DECEASED, RESPONDENT.

*Will — the promise of one, appointed executor, to carry out the testator's wishes if he will not change his will — when it does not bind his individual property or his estate.*

One Franklin being sick determined to add a codicil to his will, giving $3,000 to be equally divided among six nephews. Having stated his determination so to do to George Bull, who was named as an executor in the will and was the father of the residuary and principal devisee and legatee therein, George told him that he need not make any codicil, but that he, George, would pay the

$500 to each nephew.　It was understood between Franklin and George that these sums were to be paid by George out of Franklin's estate, and not by George personally.　After Franklin's death letters were issued to George Bull and one Dana, the executors named therein.　The former subsequently died, having, after the testator's death, admitted the making of the said promise, and stated it to be his intention to fulfill it.　The residuary legatees having refused to allow the $3,000 to be paid, the five other nephews assigned their claims to the plaintiff, who was one of the nephews and who brought this action to recover the said sum from the estate of George Bull.

*Held,* that the action could not be maintained.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*Lansing & Lyman,* for the appellant.

*G. A. Forbes,* for the respondent.

LEARNED, P. J.:

Franklin Bull, in April, 1879, was sick.　He determined to change his will previously made by adding a codicil, so as to give $3,000 to be equally divided among six nephews, of whom plaintiff is one.　He stated that determination to George Bull, who was an executor of the existing will and the father of the residuary and principal devisee and legatees therein.　George Bull thereupon stated to Franklin that he need not make a codicil, but that he, George, would pay the $500 to each of the nephews.

The learned justice who tried the case has found as a matter of fact, that it was then understood between George and Franklin that these sums were to be paid by George out of Franklin's estate, and not that George was to pay them personally, and that the promise was given and received on this understanding.　On an examination of the evidence we are satisfied that this finding is correct.

Franklin died the same month without making the codicil which he had intended.　Letters testamentary under his will were issued to George and to one Dana, the executors.　Dana transacted most of the business in the settlement of the estate.　After the death of Franklin, George admitted the promise and stated that he intended that it should be carried out.　The residuary legatees under Franklin's will refused to consent to the payment; and payment has not been claimed from Franklin's estate.　That estate is not

settled, and amounts over liabilities to $15,000. George Bull died in November, 1879, and the defendant is his executrix. The other five nephews have assigned their claims against the estate of George to the plaintiff. He now seeks to recover from the estate of George the $3,000 and interest.

If this were a promise to pay out of the estate of Franklin, and if it therefore had the effect to impose a trust upon that estate, then such trust must be enforced against the surviving executor of Franklin's estate.

If, on the other hand, it were a promise to pay personally, then as George was not a legatee or devisee, he did not divert, by this promise, to his own benefit anything from the plaintiff and his assignors. He practised no fraud upon them.

We think that the learned justice correctly stated that, in all the cases bearing upon this subject, the promise which has been enforced has been made by a person who, by descent, or devise or bequest, has received from the decedent, property out of which the proposed devise or legacy would have come; which proposed devise or legacy was prevented by the promise of the person thus held liable.

And if, in this view, it be said that George, as an executor of Franklin, received the estate charged with this trust; if it should be claimed that by this oral promise of one who was to be executor a legacy was given, then the trust must be enforced out of the estate of Franklin.

The reason of the rule is explained in *Williams* v. *Fitch* (18 N Y., 549), and cases are cited; and it will appear that in these cases the promissor has, by his promise, prevented the diverting of property from himself. He has not, so far as we can see, been held liable when he was a stranger, not entitled to receive the property by inheritance, bequest or devise. And certainly when the only promise was, by the understanding of the parties, to be performed out of Franklin's estate, we do not see that George could be personally liable. If not; then not his estate.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment affirmed, with costs.